JOHN WELCH *vs.* CHARLES J. ADAMS.

The tenant of a mortgagor is not liable to him for rent that accrues after the mortgagee has entered and required that the rent shall be paid to himself, and the tenant has agreed to pay him ; although the mortgagee's entry may not be effectual for the purpose of foreclosure.

ASSUMPSIT for the use and occupation of a tenement during the months of September and October, 1838.

The defendant occupied the tenement during those months, and, before the commencement of this action, tendered to the plaintiff sufficient to pay for such occupation until the 3d of September.

The tenement was mortgaged by a former owner thereof, be= fore it was conveyed to the plaintiff. On the 3d of September, 1838, George Holden, assignee of the mortgage, made open and peaceable entry upon the mortgaged premises for the purpose of foreclosing the mortgage, and of receiving the rents and profits. The defendant consented to said entry, but the plaintiff was not present when it was made. Said Holden required the defend-- ant to pay the rent to him, from the time of the entry, and the defendant promised so to do, and paid the same accordingly — first taking a bond of indemnity from said Holden. The plain tiff required the defendant to pay said rent to him, and forbade him to pay to Holden, and also gave Holden notice that he would not consent to his having possession and receiving the rent.

*W. Smith*, for the plaintiff, cited *St.* 1785, *c.* 22, § 2. Rev. Sts. *c.* 107, § 1. *Thayer* v. *Smith*, 17 Mass. 429. *Fay* v. *Valentine*, 5 Pick. 418.

*Knowles*, for the defendant, cited *Reed* v. *Davis*, 4 Pick. 216. *Mayo* v. *Fletcher*, 14 Pick. 530. *Smith* v. *Shepard*, 15 Pick. 147. *Pope* v. *Biggs*, 9 Barn. & Cres. 245. *Magill* v. *Hinsdale*, 6 Connect. 465.

DEWEY, J. The cases cited by the counsel for the plaintiff only establish the doctrine, that an entry by a mortgagee for fore-closure, to be effectual for that purpose, must be an entry with notice in fact to the mortgagor; or, what is equivalent, an open, notorious and continued possession. The statute provisions on this subject have, since those decisions, been somewhat varied by the Rev. Sts. *c.* 107, §§ 1 & 2, requiring notice of an entry for condition broken to be recorded in the registry of deeds. Whether such record is of itself to be deemed sufficient notice to the mortgagor, it is unnecessary now to decide ; as the right of the mortgagee, in the present case, to make an entry under his mortgage, and to take the rents and profits afterwards, does not

depend upon his having made an entry that will be effectual as an entry for foreclosure. An entry by a mortgagee, without notice to the mortgagor, is a legal entry, and will authorize the retaining of the possession and the taking of the rents and profits. *Reed* v. *Davis*, 4 Pick. 216.

The present defendant originally entered into the occupation of the premises, as lessee under one holding the rights of the mortgagor, but of course subject to the prior right, vested in the mortgagee, to enter by virtue of his mortgage ; and such entry having been made by him, the defendant very properly acknowledged him as his landlord, and as such entitled to receive the future accruing rents. The case of *Smith* v. *Shepard*, 15 Pick. 147, seems to us to be an authority strongly bearing upon this point. In that case, the mortgagor had leased the premises for a term of years, and the lessee had covenanted to pay him a certain annual rent ; but pending the continuance of the lease, the mortgagee entered and threatened to expel the lessee unless he would agree to pay the future accruing rents to him. The lessee having so agreed, and thus becoming accountable to the mortgagee for the rent, it was held to be a good defence to an action by the mortgagor against the lessee on his covenants to him. And in the present case, the court are clearly of opinion that the facts disclosed show that the plaintiff is not entitled to maintain his action.

*Plaintiff nonsuit.*